IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| JASON EISENHAUER, | ) |
| Plaintiff, | ) Case No. 4:21-CV-964-RLW |
| v. | ) |
| LG CHEM, LTD. and LG CHEM AMERICA, INC., | ) |
| Defendants. | ) |

**MEMORANDUM IN SUPPORT OF DEFENDANT LG CHEM, LTD.'S
MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION**

Defendant LG Chem, Ltd. ("LG Chem"), by and through its undersigned counsel, and pursuant to Federal Rule of Civil Procedure 12(b)(2), respectfully submits this Memorandum in Support of its Motion to Dismiss Plaintiff's Complaint for Lack of Personal Jurisdiction.

**INTRODUCTION**

Defendant LG Chem requests an Order dismissing Plaintiff's Complaint against it for lack of personal jurisdiction. Plaintiff cannot meet his burden of establishing that either general or specific personal jurisdiction exists over LG Chem.

First, as to general jurisdiction, LG Chem is a Korean company with its headquarters and principal offices in Seoul, South Korea, and there are no "exceptional circumstances" that would allow LG Chem to be considered "at home" in Missouri. Therefore, general jurisdiction is lacking.

Second, as to specific jurisdiction, Plaintiff alleges that he was injured by use of an 18650 lithium ion battery cell that he purchased from a Missouri retailer to power his e-cigarette device. LG Chem never designed, manufactured, distributed, advertised, or sold any 18650 lithium ion cells directly to or for use by individual consumers as standalone, replaceable batteries for any purpose. The 18650 lithium ion cells manufactured by LG Chem are industrial component

products; they were not designed or intended by LG Chem to be handled by consumers.  LG Chem never served a consumer market in Missouri for standalone vaping batteries, and it never authorized anyone to sell its 18650 lithium ion cells directly to consumers for use as standalone, replaceable batteries—with e-cigarette devices or for any other purpose.

The Supreme Court of Missouri previously found that LG Chem lacks sufficient minimum contacts with Missouri to satisfy due process in another case involving materially indistinguishable claims.  *See State ex rel. LG Chem, Ltd. v. McLaughlin*, 599 S.W.3d 899, 904 (Mo. 2020).  The U.S. Supreme Court's subsequent decision in *Ford Motor Co. v. Montana Eighth Jud. Dist. Ct.*, 141 S. Ct. 1017, 1025 (2021) reaffirmed the core principles of constitutional due process supporting the Missouri Supreme Court's decision in *State ex rel. LG Chem, Ltd.*, and the same result should follow here.

Plaintiff cannot meet his burden of showing that his claims against LG Chem arose from any activities enumerated in Missouri's long-arm statute.  Mo. Rev. Stat. § 506.500.  Likewise, Plaintiff cannot meet his burden of showing that his claims arise out of or relate to purposeful contacts LG Chem created with Missouri as necessary to satisfy constitutional due process.  Accordingly, specific personal jurisdiction is lacking.

## STATEMENT OF FACTS

In this product liability action, Plaintiff Jason Eisenhauer alleges that he was injured on or about August 7, 2018, when a lithium ion battery he purchased for use in his electronic cigarette device allegedly exploded in his pants pocket.  (Plf.'s Complaint (Compl.), ¶¶ 1, 42–44 [ECF No. 1].)  Plaintiff identifies the subject battery as an "18650 lithium-ion battery" allegedly

manufactured by LG Chem. (*Id.* ¶¶ 1, 42.) Plaintiff alleges he purchased his e-cigarette device and the subject battery from "a retail store in Missouri." (*Id.* ¶ 42.)

Plaintiff also named LG Chem's subsidiary, LG Chem America, Inc. ("LGCAI"), as a defendant. LGCAI has moved to dismiss Plaintiff's claims against it for lack of personal jurisdiction. (ECF No. 8).[1]

### A. Plaintiff's jurisdictional allegations.

Plaintiff's jurisdictional allegations are set forth in Paragraphs 10–13 of his Complaint. Plaintiff alleges that "the Defendants" (LG Chem and LG Chem America, Inc.) maintain "continuous and systematic contacts" with "Missouri entities and the Missouri market with respect to lithium-ion batteries, including 18650 lithium-ion batteries." (Compl., ¶ 10.) Plaintiff alleges that the "regular course and scope" of "each Defendant's" business "involves shipping huge quantities of its batteries, including 18650 lithium-ion batteries, into and throughout Missouri," and that "each Defendant" "has specifically shipped tens of thousands of lithium-ion batteries into Missouri." (*Id.*) Plaintiff also alleges, upon information and belief, that "these batteries (including 18650 batteries) were during the relevant time period sold both as stand-alone batteries at retailers in Missouri and as component parts in products sold in Missouri" and that "[t]his suit arises out of or relates to the Defendants' contacts with Missouri because it involves an injury to a Missouri resident that occurred in Missouri and was caused by an LG-manufactured 18650 lithium-ion battery sold in Missouri." (*Id.*)

---

[1] On December 27, 2021, LGCAI filed a Notice of Supplemental Authority in further support of its motion to dismiss for lack of personal jurisdiction. (ECF No. 25); *see also Williams v. LG Chem, Ltd.*, No. 4:21-CV-00966-SRC, 2021 WL 6072500 (E.D. Mo. Dec. 23, 2021) (dismissing LGCAI for lack of personal jurisdiction where the plaintiff raised identical arguments in opposition to LGCAI's motion to dismiss as those presented in this case).

As to LG Chem specifically, Plaintiff alleges, upon information and belief, that LG Chem sells its 18650 lithium-ion batteries "to various distributors around the world, including in China" and that LG Chem "knows and expects that these batteries will be sold in large quantities throughout the United States, including in Missouri, with many of the batteries being targeted specifically for the electronic-cigarette market."  (*Id.* ¶ 11.)  Plaintiff also alleges LG Chem "maintains an active and interactive website where it can exchange information with Missouri residents at http://lgchem.com/[.]"  (*Id.* ¶ 12.)  Finally, Plaintiff alleges that LG Chem is subject to jurisdiction in Missouri because LG Chem "maintains that there is not a single jurisdiction in the United States where it can be sued" on Plaintiff's claims.  (*Id.* ¶ 13.)

**B.      Facts establishing lack of personal jurisdiction over LG Chem.**

LG Chem is a Korean company with its headquarters and principal offices in Seoul, South Korea.  (**Exhibit A**, Declaration of Hwi Jae Lee, "Lee Decl.", ¶ 8.)  Plaintiff does not allege any contrary facts and admits that LG Chem "allegedly does not maintain any physical presence in the United States."  (Compl. ¶ 3.)  In addition, as set forth in the accompanying Declaration of Hwi Jae Lee, LG Chem is not registered to do business in Missouri, does not have an office in Missouri, and does not own or lease any property in Missouri.  (**Ex. A**, Lee Decl., ¶ 9.)

In addition, LG Chem has not engaged in any purposeful business activities in or directed to the State of Missouri related to Plaintiff's claims.  As set forth in the supporting Declaration of Hwi Jae Lee, LG Chem never designed, manufactured, distributed, advertised, or sold 18650 lithium ion cells for sale to or use by individual consumers as standalone, replaceable batteries.  (*Id*. ¶ 14.)  The 18650 lithium ion cells LG Chem previously manufactured are industrial component parts; they are not standalone, replaceable consumer batteries, and they were not

4

designed to be handled by consumers.  (*Id.*)[2]  LG Chem never distributed, marketed, advertised, or sold 18650 lithium ion cells directly to consumers as standalone, replaceable batteries, and never authorized any manufacturer, wholesaler, distributor, retailer, re-seller, or other individual or entity to do so.  (*Id*. ¶ 15.)  Contrary to the allegations set forth in Paragraph 29 of Plaintiff's Complaint, LG Chem did not supply, sell, ship, distribute, or otherwise provide standalone 18650 lithium ion batteries directly to consumers in Missouri.  (*Id.* ¶ 18.)

LG Chem never authorized any distributor, wholesaler, retailer, or other individual or entity to advertise, distribute, or sell LG 18650 lithium ion cells to consumers in Missouri, or anywhere else, for use as standalone, replaceable batteries.  (*Id*. ¶¶ 15, 17, 20.)  Contrary to the allegations set forth in Paragraph 29 of Plaintiff's Complaint, LG Chem did not have distributors for its 18650 lithium ion battery cells located in Missouri.  (*Id*. ¶ 18.)  LG Chem never distributed, advertised, or sold any lithium ion battery cells to any distributor, wholesaler, retailer, or any other individual or entity known to LG Chem to be engaged in the business of selling 18650 lithium ion cells directly to consumers for use as standalone, replaceable batteries.  (*Id*. ¶ 19.)

## LEGAL STANDARD

"To survive a motion to dismiss for lack of personal jurisdiction, a plaintiff must plead 'sufficient facts to support a reasonable inference that the defendant[] can be subjected to jurisdiction within the state.' " *Creative Calling Sols., Inc. v. LF Beauty Ltd.*, 799 F.3d 975, 979 (8th Cir. 2015) (quoting *K–V Pharm. Co. v. J. Uriach & CIA*, S.A., 648 F.3d 588, 591–92 (8th Cir. 2011)).  When the defendant presents evidence refuting personal jurisdiction, the plaintiff must

---

[2] Instead, before a spin-off of its battery division on December 1, 2020, LG Chem manufactured 18650 lithium ion battery cells for use in specific applications by sophisticated companies, such as power tools, where the cells are encased in a battery pack with protective circuitry.  The designation "18650" describes the size and shape characteristics of the cell; 18650 cells are 18 millimeters wide, 65 millimeters long, and they are cylindrical.  (**Ex. A**, Lee Decl., ¶ 13.)

5

respond with contrary evidence or otherwise refute the evidence presented by the defendant, as opposed to merely relying on his pleadings. *Miller v. Nippon Carbon Co.*, 528 F.3d 1087, 1090 (8th Cir. 2008)) (a plaintiff's " 'prima facie showing [of jurisdiction]' must be tested, not by the pleadings alone, but by the affidavits and exhibits presented with the motions and opposition"). The plaintiff bears the burden of proving that personal jurisdiction is proper, and that burden does not shift to the defendant. *Epps v. Stewart Info. Servs. Corp.*, 327 F.3d 642, 647 (8th Cir. 2003).

In its landmark decision, the U.S. Supreme Court held in *International Shoe v. Washington*, 326 U.S. 310 (1945), that a state may exercise personal jurisdiction over an out-of-state defendant only if the defendant has "certain minimum contacts with [the state] such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." *Id.* at 316 (internal quotation marks omitted). A non-resident defendant's contacts with a forum state can be analyzed under two different approaches to determine if they are sufficient to confer personal jurisdiction: general jurisdiction and specific jurisdiction. *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414 & n.9 (1984); *State ex rel. LG Chem, Ltd.*, 599 S.W.3d at 902.

To subject a non-resident defendant to jurisdiction in a diversity action, the plaintiff must plead and prove two elements: first, that the suit arose from any of the activities enumerated in Missouri's long-arm statute, and second, that the defendant has sufficient minimum contacts with Missouri to satisfy due process requirements. *Myers v. Casino Queen, Inc.*, 689 F.3d 904, 909–10 (8th Cir. 2012) (holding that federal district courts in Missouri must conduct separately the long-arm-statute and due-process inquiries); *Insituform Techs., Inc. v. Reynolds, Inc.*, 398 F. Supp. 2d 1058, 1062–63 (E.D. Mo. 2005). Of course, "if jurisdiction is not proper under the Due Process Clause, it is unnecessary to analyze jurisdiction under the state long-arm statute," and vice-versa. *Tribus, LLC v. Goodhue*, No. 4:21-CV-00150-MTS, 2021 WL 1967368, at *2 (E.D. Mo. May 17,

2021) (citation omitted); *see also Viasystems, Inc. v. EBM-Papst St. Georgen GmbH & Co., KG*, 646 F.3d 589, 594 (8th Cir. 2011) ("We need not decide whether [the defendant's actions] suffice to place it within the bounds of Missouri's long-arm statute, because it is clear that the cited activities are not sufficient to surmount the due-process threshold.").

## ARGUMENT

### A. Plaintiff cannot meet his burden of establishing general jurisdiction because LG Chem is not "at home" in Missouri.

A defendant is subject to a court's general personal jurisdiction only when its contacts are "so constant and pervasive as to render it essentially at home" in the forum. *Daimler AG v. Bauman*, 571 U.S. 117, 122 (2014). The "paradigm" places in which a corporation may fairly be regarded as "at home" are (1) its place of incorporation and (2) the forum in which its principal place of business is located. *Id.*; *see also Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915 (2011) (internal citations omitted). The U.S. Supreme Court in *Daimler* explained that:

> [G]eneral jurisdiction requires affiliations "so 'continuous and systematic' as to render [the foreign corporation] essentially at home in the forum State." *i.e.*, comparable to a domestic enterprise in that State.

*Daimler*, 571 U.S. at 132–33, n.11 (internal citation omitted).

In *BNSF Railway v. Tyrrell*, 137 S. Ct. 1549 (2017), the Supreme Court held that, absent exceptional circumstances, not present here, the only relevant considerations for general jurisdiction for a corporate defendant are the corporation's state of incorporation and principal place of business. *Id.* at 1559.

Courts in Missouri have routinely held that, under these authorities, general jurisdiction is lacking over non-resident defendants, like LG Chem, that are not incorporated in Missouri and do not have their principal place of business there. *See, e.g.*, *State ex rel. Bayer Corp. v. Moriarty*,

536 S.W.3d 227, 232 (Mo. 2017); *State ex rel. Norfolk S. Ry. Co. v. Dolan*, 512 S.W.3d 41, 48 (Mo. 2017); *Tribus,* 2021 WL 1967368, at *3 n.2.

Here, Plaintiff has not alleged any facts to support the exercise of general jurisdiction over LG Chem, nor could he.  LG Chem is a Korean company with its principal place of business in Seoul, South Korea.  (**Ex. A**, Lee Decl., ¶ 8.)   Because LG Chem is not incorporated in Missouri and does not have its principal place of business in Missouri, and no exceptional circumstances are present here (*see id.* ¶ 9), LG Chem cannot be considered "at home" in Missouri and is not subject to the general jurisdiction of Missouri courts.

**B.     Plaintiff cannot meet his burden of establishing specific jurisdiction because the Missouri long-arm statute is not satisfied.**

In pertinent part, Missouri's long-arm statute authorizes Missouri courts to exercise jurisdiction over any company, whether or not a citizen or resident of Missouri, for causes of action arising from (1) the transaction of any business within the state; (2) the making of any contract within the state; (3) the commission of a tortious act within the state; or (4) the ownership, use, or possession of any real estate within the state.  Mo. Rev. Stat. § 506.500.1(1)–(4).  The statute further explains that "[o]nly causes of action *arising from* acts enumerated in this section may be asserted against a defendant in an action in which jurisdiction over him is based upon this section." *Id.* § 506.500.3 (emphasis added).  In applying the long-arm statute, Missouri courts have held that "[a]ctivities which satisfy the provisions of (the long-arm statute) must also be the basis of plaintiff's cause of action." *Anderson Trucking Svc., Inc. v. Ryan*, 746 S.W.2d 647, 650 (Mo. App. E.D. 1988) (citing *State ex rel. Bank of Gering v. Schoenlaub*, 540 S.W.2d 31, 35 (Mo. 1976)).

Here, Plaintiff contends that he purchased an "18650 lithium-ion battery" from a Missouri retailer for use as standalone battery to power his e-cigarette device.  LG Chem has introduced admissible evidence showing that it never served a consumer market for standalone, 18650 vaping

8

batteries in Missouri (or anywhere else); never conducted any business with the Missouri retailer where Plaintiff contends he purchased the subject batteries; never distributed or sold any 18650 batteries directly to consumers as standalone, replaceable batteries; and never authorized anyone to advertise, distribute, or sell LG 18650 lithium ion cells directly to consumers as standalone, replaceable batteries.  (**Ex. A**, Lee Decl., ¶¶ 15, 17–20.)

Plaintiff also alleges that jurisdiction is proper because LG Chem "maintains an active and interactive website where it can exchange information with Missouri residents at http://lgchem.com/[.]" (Compl. ¶ 12.)  However, in *State ex rel. PPG Indus., Inc. v. McShane*, 560 S.W.3d 888, 892–93 (Mo. banc 2018), the Missouri Supreme Court held that the mere operation of a website from outside the forum that is accessible by residents inside the forum did not satisfy Missouri's long-arm statute and was therefore insufficient to support the exercise of personal jurisdiction.  LG Chem's website passively provides information on its products, but does not allow a consumer, like Plaintiff, to purchase lithium ion battery cells.  Plaintiff does not allege otherwise, nor could he.  Therefore, the existence of LG Chem's informational website, accessible throughout the world, cannot support the exercise of jurisdiction in this case.

Based on these facts, Plaintiff cannot show that his claims arise from any of the enumerated bases listed in the long-arm statute, and specific personal jurisdiction is lacking.

### C.   Plaintiff cannot meet his burden of establishing specific jurisdiction because due process is not satisfied.

To exercise specific jurisdiction consistent with the requirements of due process, the Court must consider the "relationship among the defendant, the forum, and the litigation." *Walden v. Fiore*, 571 U.S. 277, 284 (2014).  Specific jurisdiction may be exercised only in those "cases in which the suit arise[s] out of or relate[s] to the defendant's contacts with the forum." *Daimler*, 571 U.S. at 127 (alterations in original) (quoting *Helicopteros*, 466 U.S. at 414 n. 8); *Ford Motor*

9

*Co. v. Montana Eighth Jud. Dist. Ct.*, 141 S. Ct. 101, 1025 (2021); *Bristol-Myers Squibb Co. v. Superior Ct. of Cal.,* 137 S. Ct. 1773, 1780 (2017); *Tribus*, 2021 WL 1967368, at *4 (quoting *Ford*, 141 S. Ct. at 1025).

Based on these principles, the Eighth Circuit has established five factors to consider in determining whether sufficient minimum contacts exist to exercise personal jurisdiction: "(1) the nature and quality of the contacts with the forum state; (2) the quantity of the contacts; (3) the relationship of the cause of action to the contacts; (4) the interest of [the forum state] in providing a forum for its residents; and (5) the convenience or inconvenience to the parties." *K–V Pharm. Co.*, 648 F.3d at 592–93 (quoting *Johnson v. Arden*, 614 F.3d 785, 794 (8th Cir. 2010)) (alteration in original).

Under the "critical" third factor, "the Court can *only* exercise specific personal jurisdiction over a defendant where the claims against that defendant arise out of or relate to the defendant's contacts with the forum." *Williams v. LG Chem, Ltd.*, No. 4:21-CV-00966-SRC, 2021 WL 6072500, at *3 (E.D. Mo. Dec. 23, 2021) (emphasis in original) (concluding that "[b]ecause of the dearth of evidence that LG Chem America's contacts with Missouri relate to Williams's claims, *Ford* and applicable Supreme Court personal-jurisdiction precedent require this Court to dismiss LG Chem America."). Because that factor cannot be satisfied here, due process prevents the exercise of jurisdiction over LG Chem.

### 1. The Supreme Court of Missouri previously found due process was not satisfied by the exercise of personal jurisdiction over LG Chem on similar claims.

It is well settled that federal courts sitting in diversity apply the same personal jurisdiction analysis as a state court in the federal court's venue. *Dairy Farmers of Am., Inc. v. Bassett & Walker Int'l, Inc.*, 702 F.3d 472, 475 (8th Cir. 2012) (citing *Viasystems*, 646 F.3d at 593). The Supreme Court of Missouri previously found personal jurisdiction lacking over LG Chem in a suit

10

involving similar claims because (1) due process prevents the exercise of jurisdiction based solely on the activities of third parties and (2) due process prevents the exercise of jurisdiction based on allegations that the defendant placed a product into the stream of commerce with alleged knowledge or awareness that the product would make its way into the forum state. *State ex rel. LG Chem, Ltd.*, 599 S.W.3d at 904–05; *see also Ackerman v. Howmedica Osteonics Corps*., No. 6:20-CV-03061-MDH, 2020 WL 6588358, at *3 (W.D. Mo. Nov. 10, 2020) (citing *State ex. rel. LG Chem, Ltd*., 599 S.W.3d at 904) (assertion of personal jurisdiction over non-resident defendant would not be consistent with due process based on allegations the defendant directed its product to the United States as a whole), *motion to certify appeal denie*d, No. 6:20-CV-03061-MDH, 2021 WL 816943 (W.D. Mo. Mar. 3, 2021), and *appeal dismissed sub nom. Ackerman v. Howmedica Osteonics Corp*., No. 21-1454, 2021 WL 3783126 (8th Cir. Mar. 29, 2021).

In *Bishop v. LG Chem, Ltd.*, Cause No. 17SL-CC00708 (Mo. Cir. Ct., St. Louis City), the plaintiff alleged he was injured by use of an LG brand 18650 lithium ion cell that was purchased from a Missouri vape shop for use as a replaceable, rechargeable battery with his e-cigarette device. LG Chem challenged personal jurisdiction, and the circuit court initially found that jurisdiction was proper. The Missouri Supreme Court subsequently issued a permanent writ of prohibition, directing the circuit court to vacate its order denying LG Chem's motion to dismiss for lack of personal jurisdiction. *State ex rel. LG Chem, Ltd.*, 599 S.W.3d at 904–05.

Relying on and applying *Bristol-Myers*, *J. McIntyre Mach. Ltd. v. Nicastro*, 564 U.S. 873 (2011), *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286 (1980), and its own prior precedents, the Missouri Supreme Court concluded that "[b]ecause LG Chem has no contacts with the state of Missouri other than its product arriving into Missouri through the unilateral action of a third party, LG Chem lacks sufficient minimum contacts with Missouri to satisfy due process.

11

Accordingly, the circuit court lacks personal jurisdiction over LG Chem in this matter." 599 S.W.3d at 902.  The same result should follow here.

No stream-of-commerce theory can allow the exercise of personal jurisdiction over a foreign manufacturer like LG Chem who played no intentional role in the path its product took to the forum State.  If the rule were otherwise, "[e]very seller of chattels would in effect appoint the chattel his agent for service of process.  His amenability to suit would travel with the chattel." *World-Wide Volkswagen v. Woodson*, 444 U.S. 286, 296 (1980).  Due process forecloses that result.

> **2. Plaintiff cannot establish that his claims "arise out of or relate to" any action LG Chem directed to the State of Missouri.**

The U.S. Supreme Court most recently addressed specific personal jurisdiction in *Ford Motor Co. v. Montana Eighth Jud. Dist. Ct.*, 141 S. Ct. 1017 (2021).  In *Ford*, the Supreme Court reiterated that, in order for a court to exercise specific jurisdiction consistent with due process, the plaintiff's claim " 'must arise out of or relate to the defendant's contacts' with the forum." *Id.* at 1025 (citing *Bristol-Myers*, 137 S. Ct. at 1780).  Although the Supreme Court rejected Ford's argument that there must be a strict causal connection between the defendant's in-state conduct and the plaintiff's claims, the Court nevertheless reiterated that the specific jurisdiction analysis must focus on the extent and nature of the defendant's conduct directed to the forum state and the degree to which that conduct is related to the plaintiff's claims. *Id.* at 1027–28; *see also Bristol-Myers*, 137 S. Ct. at 1781 ("When there is no such connection, specific jurisdiction is lacking regardless of the extent of the defendant's unconnected activities in the State").

Here, Plaintiff alleges that "[t]his suit arises out of or relates to the Defendants' contacts with Missouri because it involves an injury to a Missouri resident that occurred in Missouri and was caused by an LG-manufactured 18650 lithium-ion battery sold in Missouri." (Compl., ¶ 10.)

12

However, these allegations, even if true, are insufficient to establish the required connection between the forum state of Missouri, LG Chem, and Plaintiff's claims.

Although Ford itself did not bring the specific vehicles at issue to the forum states, Ford itself engaged in extensive and wide-ranging activities in the forum state in furtherance of its undisputed intention to serve a consumer market for the very same type of vehicles at issue. Whereas Ford conceded that it regularly served a consumer market for the very same type of vehicles at issue in the forum states, here LG Chem introduced admissible evidence showing that it never served a consumer market in Missouri for standalone 18650 lithium ion batteries. Therefore, Plaintiff cannot establish that his claims "arise out of or relate to" any conduct directed by LG Chem to Missouri.

Even if LG Chem had shipped "tens of thousands" of 18650 lithium ion battery cells to industrial customers in Missouri, to be encased in battery packs with protective circuity, this would still not be sufficient to support Plaintiff's burden because Plaintiff cannot show that such alleged activities are related in any way to his claims for injury from his use of an 18650 lithium ion battery cell that he acquired from a Missouri retailer as a standalone battery to power his e-cigarette device.

### 3. Due process does not allow the exercise of jurisdiction over LG Chem based on contacts formed with Missouri by third parties.

In *Ford*, the U.S. Supreme Court reiterated one of the core principles underlying the Supreme Court of Missouri's decision in *State ex rel. LG Chem, Ltd.*—that the relevant contacts with the forum state must be "the defendant's own choice," not contacts formed by the plaintiff or other third parties. *Ford*, 141 S. Ct. at 1025; *State ex rel. LG Chem, Ltd.*, 599 S.W.3d at 903 ("It is well-established a plaintiff may not use the actions of a third party to satisfy the due process requirement of the specific personal jurisdiction analysis."); *see also Walden*, 571 U.S. at 284

13

(personal jurisdiction "must arise out of contacts that the 'defendant [it]self' creates with the forum State," not the contacts of a third party).

Although Ford itself did not bring the specific vehicles at issue to the forum states, it was Ford, not unauthorized third parties, that supplied consumers in Minnesota and Montana with Ford Explorers and Crown Victorias; it was Ford, not unauthorized third parties, that advertised those vehicles to in-state consumers on TV and billboards and by "every means imaginable"; and it was Ford that licensed dealers to sell, maintain, and repair Ford cars in Minnesota and Montana. *Ford*, 141 S. Ct. at 1028. Ford had "a veritable truckload" of relevant, suit-related contacts with the forum states. *Id*. at 1031.

By contrast, here, LG Chem was not involved in any market supplying consumers in Missouri with LG 18650 lithium ion battery cells sold individually as standalone batteries. (**Ex. A**, Lee Decl., ¶¶ 15, 17–20.) LG Chem did not supply lithium ion battery cells to Missouri retailers for re-sale to consumers as standalone batteries. LG Chem did not advertise to Missouri consumers on TV or billboards to purchase lithium ion battery cells as standalone batteries for any purpose, let alone as standalone, replaceable e-cigarette batteries.

LG Chem did not form any contacts with Missouri related in any way to Plaintiff's claims. Any connections between this lawsuit and Missouri were formed entirely by the Plaintiff and other third parties; none by LG Chem. Therefore, due process is not satisfied.

## CONCLUSION

For the foregoing reasons, Defendant LG Chem respectfully requests an Order dismissing Plaintiff's claims against it for lack of personal jurisdiction. LG Chem is not subject to general jurisdiction because it cannot fairly be said to be "at home" in Missouri. LG Chem is not subject to specific jurisdiction because the Missouri long-arm statute is not satisfied, and Plaintiff's claims

do not arise out of or relate to purposeful minimum contacts formed by LG Chem with Missouri. Therefore, this suit cannot be maintained against LG Chem in this forum.

Dated this 11th day of January, 2022.

/s/ Brian R. Plegge
Brian R. Plegge, #32500 (MO)
BROWN & JAMES, P.C.
800 Market Street, Suite 1100
Saint Louis, Missouri 63101
Phone: (314) 421-3400
Fax: (314) 421-3128
bplegge@bjpc.com

/s/ Rachel Hedley
Rachel Atkin Hedley, #16941 (SC)
NELSON MULLINS RILEY & SCARBOROUGH
1320 Main Street, Suite 1700
Columbia, SC 29201
Phone: (803) 255-5565
Fax: (803) 256-7500
rachel.hedley@nelsonmullins.com

**Attorneys for Defendant LG Chem, Ltd.**

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing **MEMORANDUM IN SUPPORT OF DEFENDANT LG CHEM, LTD.'S MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION** was served on counsel of record by the Court's electronic filing system on this 11th day of January, 2022.

*/s/ Rachel Hedley*
Rachel Atkin Hedley