# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| JASON EISENHAUER, | ) |
| | ) |
| Plaintiff, | ) No. 4:21-CV-964 RLW |
| | ) |
| v. | ) |
| | ) |
| LG CHEM, LTD. And LG CHEM | ) |
| AMERICA, INC., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on Defendant LG Chem America, Inc.'s Motion to Dismiss for Lack of Personal Jurisdiction (ECF No. 8). This matter is fully briefed and ready for disposition. For the reasons stated herein, the Court will dismiss the claims against LG Chem America, Inc. ("LG Chem America") for lack of personal jurisdiction.

## LEGAL STANDARD

To survive a motion to dismiss for lack of personal jurisdiction, a plaintiff must make a prima facie showing of personal jurisdiction by pleading facts sufficient to support a "reasonable inference that the defendant[ ] can be subjected to jurisdiction within the state." *K-V Pharm. Co. v. J. Uriach & CIA, S.A,* 648 F.3d 588, 59-92 (8th Cir. 2011); *see also, Viasystems, Inc. v. EBM— Papst St. Georgen GmbH & Co., KG,* 646 F.3d 589, 592 (8th Cir. 2011); *Miller v. Nippon Carbon Co., Ltd.,* 528 F.3d 1087, 1090 (8th Cir. 2008); *Dever v. Hentzen Coatings*, 380 F.3d 1070, 1072 (8th Cir. 2004); *Epps v. Siewart Info. Servs. Corp.,* 327 F.3d 642, 647 (8th Cir. 2003). A plaintiff's prima facie showing "must be tested, not by the pleadings alone, but by affidavits and exhibits supporting or opposing the motion." *K-V Pharm.,* 648 F.3d at 592 (quoting *Dever*, 380 F.3d at

1072-73). The Court views the evidence in a light most favorable to the plaintiff and resolves factual conflicts in the plaintiff's favor; however, plaintiff carries the burden of proof and that burden does not shift to defendants. *Epps,* 327 F.3d at 647; *Wallach v. Whetstone Partners, LLC*, No. 4:16 CV 450 CDP, 2016 WL 3997080, at *1 (E.D. Mo. July 26, 2016); *Fastpath, Inc. v. Arbela Techs. Corp.*, 760 F.3d 816, 820 (8th Cir. 2014). "When personal jurisdiction is contested, 'it is the plaintiff who must shoulder the burden of establishing that defendant's contacts with the forum state were sufficient.'" *Bryant v. Smith Interior Design Grp., Inc.*, 310 S.W.3d 227, 231 (Mo. 2010) (quoting *Angoff v. Marion A. Allen, Inc.,* 39 S.W.3d 483, 486 (Mo. banc 2001)).

## BACKGROUND

Plaintiff Jason Eisenhauer, a Missouri resident, purchased a 18650 lithium-ion battery manufactured by LG from a retailer in Missouri. (Complaint ("Compl."), ECF No. 1, ¶ 1). Eisenhauer was injured when that battery exploded in his pocket. (*Id*.) Defendant LG Chem, LTD ("LG") is a global chemical-based company, founded in Korea in 1947, which produced the cylindrical 18650 lithium-ion battery at issue in this case. (Compl., ¶ 2). LG ships lithium-ion batteries and other products direct into the United States from Korea and its distributors fulfill delivery and distribution of the products within the United States. (Compl., ¶ 4). LG also sells lithium-ion batteries, including 18650 batteries, to Chinese companies that it knows to be distributors of e-cigarette and personal vaping products. (Compl., ¶ 6). LG was aware that these companies then distributed these batteries to e-cigarette and vaping retailers, wholesalers, and distributors in the United States, including into Missouri. (Compl., ¶ 7). LG does not maintain any physical presence in the United States, but instead operates through its network of wholly owned subsidiaries to sell its various LG products nationwide. (Compl., ¶ 23).

Defendant LG Chem America was served on August 9, 2021 (ECF No. 7).  Defendant LG Chem, Ltd. has not been served.  On August 30, 2021, Defendant LG Chem America filed a Motion to Dismiss for Lack of Personal Jurisdiction.  (ECF No. 8).

Eisenhauer alleges in his Complaint that "the Defendants" maintain "continuous and systematic contacts" with "Missouri entities and the Missouri market with respect to lithium-ion batteries, including 18650 lithium-ion batteries." (Compl., ¶ 10).  Eisenhauer alleges the "regular course and scope" of "each Defendant's" business "involves shipping huge quantities of its batteries, including 18650 lithium-ion batteries, into and throughout Missouri," and that "each Defendant" "has specifically shipped tens of thousands of lithium-ion batteries into Missouri." (Compl., ¶ 10).  Eisenhauer alleges, upon information and belief, that "these batteries (including 18650 batteries) were during the relevant time period sold both as stand-alone batteries at retailers in Missouri and as component parts in products sold in Missouri.  Eisenhauer  maintains that this suit arises out of or relates to the Defendants' contacts with Missouri because it involves an injury to a Missouri resident that occurred in Missouri and was caused by an LG-manufactured 18650 lithium-ion battery sold in Missouri." (*Id.*)

In support of its Motion to Dismiss, LG Chem America filed sworn affidavits by HyunSoo Kim, LG Chem America's compliance officer.  *See* ECF Nos. 9-1; 24-1.  Kim attested that LG Chem America does not have an office in Missouri, is not registered to do business in Missouri, does not have a registered agent for service of process in Missouri, does not own or lease any real property in Missouri, and does not have employees who work in Missouri.  (ECF No. 9 at 5). LG Chem America "primarily sells and distributes various petrochemical materials and products" but "does not have any manufacturing plants and does not manufacture any products." (ECF No. 9-1, ¶ 11).  Kim states that LG Chem America "could not have manufactured the battery cell because

[LG Chem America] does not have any manufacturing facilities and has never manufactured any products." (ECF No. 9-1, ¶ 12). Kim further swore that the LG Chem America "has never distributed, marketed, advertised, or sold any lithium ion battery cells" for use by individual consumers, directly to consumers, or for re-sale to consumers "as standalone, removable, replaceable batteries in the State of Missouri". (ECF No. 9-1, ¶¶ 13-15).

In response, Eisenhauer does not provide any affidavits to refute Kim's sworn statements. (ECF No. 21). Rather, Eisenhauer relies on the allegations in his Complaint that LG Chem America "sells thousands of 18650 lithium-ion batteries in Missouri[.]" (ECF No. 21 at 9).

## **DISCUSSION**

### A. Personal Jurisdiction

Due process requires that a non-resident have minimum contacts with the forum state such that the maintenance of the lawsuit does not offend traditional notions of fair play and substantial justice. *World-Wide Volkswagen v. Woodson,* 444 U.S. 286, 291-92 (1980); *Int'l Shoe Co. v. Washington,* 326 U.S. 310, 316 (1945); *Guinness Import Co. v. Mark VII Distribs., Inc.,* 153 F.3d 607, 614 (8th Cir. 1998). Minimum contacts is based on the notion that "those who live or operate primarily outside a State have a due process right not to be subjected to judgment in its courts as a general matter." *J. McIntyre Mack, Ltd. v. Nicastro,* 131 S.Ct. 2780, 2787 (2011). A defendant's contacts with the forum state must be sufficient so that a non-resident defendant should reasonably anticipate being haled into court there. *World-Wide Volkswagen,* 444 U.S. at 297; *Stanton v. St. Jude Med., Inc.,* 340 F.3d 690, 694 (8th Cir. 2003); *Epps,* 327 F.3d at 648. Sufficient minimum contacts requires some act by which the defendant "purposely avails itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws."

*J. McIntyre,* 131 S.Ct. at 2787 (quoting *Hanson v. Denckla,* 357 U.S. 235, 253 (1958)); *see Romak USA, Inc. v. Rich,* 384 F.3d 979, 984 (8th Cir. 2004).

The "purposeful availment requirement ensures that a defendant will not be haled into a jurisdiction solely as the result of random, fortuitous, or attenuated contacts or of the unilateral activity of another party or a third person." *Stanton,* 340 F.3d at 693-94 (quoting *Burger King v. Rudzewicz,* 471 U.S. 462, 475 (1985)). "For a State to exercise jurisdiction consistent with due process, the defendant's suit-related conduct must create a substantial connection with the forum State." *Walden v. Fiore,* 134 S.Ct. 1115, 1121 (2014). This means that "the relationship must arise out of contacts that the defendant himself creates with the forum State." *Id.* at 1122 (quoting *Burger King,* 471 U.S. at 475). Contacts between the plaintiff and the forum State do not satisfy this inquiry. *Id.* "Jurisdiction is proper, however, where the contacts proximately result from actions by the defendant himself that create a substantial connection with the forum state." *Stanton*, 340 F.3d at 694 (quoting *Burger King,* 471 U.S. at 475).

Courts in this circuit apply a five-factor test to determine the sufficiency of a non-resident defendant's contacts with the forum state. *Dever,* 380 F.3d at 1073. The five factors are: 1) the nature and quality of contacts with the forum state; 2) the quantity of the contacts; 3) the relation of the cause of action to the contacts; 4) the interest of the forum state in providing a forum for its residents; and 5) convenience of the parties. *Id.* at 1073-74 (quoting *Burlington Indus., Inc. v. Maples Indus., Inc.,* 97 F.3d 1100, 1102 (8th Cir. 1996)). The Court gives significant weight to the first three factors. *Id.* at 1074; *Fastpath, Inc. v. Arbela Techs. Corp.,* 760 F.3d 816, 821 (8th Cir. 2014). "Personal jurisdiction may be established by general jurisdiction or specific jurisdiction, and the third factor—relation of the cause of action to the contacts—distinguishes between the two." *Wells Dairy, Inc. v. Food Movers Int'l, Inc.*, 607 F.3d 515, 518–19 (8th Cir. 2010) (citing

*Land–O–Nod Co. v. Bassett Furniture Indus.,* 708 F.2d 1338, 1340 (8th Cir.1983)). "[G]eneral jurisdiction refers to the power of a state to adjudicate any cause of action involving a particular defendant, regardless of where the cause of action arose," while specific jurisdiction requires that the cause of action arise from or relate to a defendant's actions within the forum state. *Wells Dairy, Inc.*, 607 F.3d at 518–19 (quoting *Land–O–Nod Co.,* 708 F.2d at 1340). After evaluating these factors, the Court finds that it does not have jurisdiction over LG Chem America and dismisses them from this action.

As to the first and second factors, the Complaint alleges that LG Chem America ships "huge quantities of its batteries, including 18650 lithium-ion batteries, into and throughout Missouri[.]" LG Chem America's representative, however, attests that its business is limited to selling and distributing "various petrochemical materials and products". Importantly, LG Chem America "never sold, shipped or distributed any lithium ion battery cells to anyone in the State of Missouri." (ECF No. 24 at 8 (citing ECF No 24-1, ¶ 8). Further, LG Chem America has provided evidentiary support that it does not have offices, property, employees, or a registered agent in Missouri. *See Clockwork IP, LLC v. Clearview Plumbing & Heating Ltd.*, 127 F. Supp. 3d 1020, 1027 (E.D. Mo. 2015) (in an intellectual property dispute, the district court found no personal jurisdiction over the defendant where it never performed services, employed any persons, maintained any offices or contracted with any party in the state; did not register as a foreign entity; was not licensed to do business in the state of Missouri; had no agents or shareholders in Missouri; did not have a registered agent for service in Missouri; did not maintain any physical presence in Missouri; did not operate or own facilities in Missouri; did not own or lease real estate in Missouri; and did not have a Missouri mailing address, telephone number or bank account).

LG Chem America's affidavits demonstrate that it carried on business in Missouri, related only to the sale of petrochemical products but not specific to the sale of lithium ion batteries. The Court finds that LG Chem America's sale of the petrochemical products does not weigh in favor of jurisdiction because they are "[r]andom, fortuitous, or attenuated contacts[.]" *Pasch v. OnDoc, LLC.*, No. 4:20-CV-00782-MTS, 2021 WL 4148337, at *2 (E.D. Mo. Sept. 13, 2021) (citing *Burger King Corp.*, 471 U.S. at 475 (1985)). That is, the Court cannot exercise specific jurisdiction over LG Chem based upon its sale of petrochemical products in Missouri because this lawsuit does not "arise out of or relate to the defendant's contacts with the forum." *Bristol-Myers Squibb Co. v. Superior Ct. of California, San Francisco Cty.*, 137 S. Ct. 1773, 1780 (2017); *Williams v. LG Chem, Ltd.*, No. 4:21-CV-00966-SRC, 2021 WL 6072500, at *3 (E.D. Mo. Dec. 23, 2021).

Likewise, the third factor—the relationship of the cause of action to the contacts—does not weigh in favor of finding jurisdiction over LG Chem America. As stated, the cause of action is based upon the explosion of a lithium ion battery and is unrelated to LG Chem America's only connection to Missouri, *i.e.*, the sale and distribution of petrochemicals. Therefore, the Court finds the third factor does not support a finding of jurisdiction. *See Ford Motor Co. v. Montana Eighth Jud. Dist. Ct.*, 141 S. Ct. 1017, 1019 (2021) (quoting *Bristol-Myers*, 137 S.Ct. at 1786) ("the plaintiff's claims 'must arise out of or relate to the defendant's contacts' with the forum").

Although Eisenhauer claims that *Ford Motor Co.* supports a finding of jurisdiction in this case, the converse is true. In *Ford Motor Co.*, the Court found that lawsuit was directly related to the company's contacts with the jurisdiction. *See id.*, 141 S. Ct. at 1019 (quoting *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414 (1984)) ("[B]ecause Ford had systematically served a market in Montana and Minnesota for the very vehicles that the plaintiffs allege malfunctioned and injured them in those States, there is a strong 'relationship among the

defendant, the forum, and the litigation'—the 'essential foundation' of specific jurisdiction."). Here, LG Chem America has provided unrebutted declarations that LG Chem America sold certain, limited models of 18650 lithium ion battery cells to United States customers of LG Chem, Ltd in two states, neither of which were Missouri. (ECF No. 24 at 8 (citing ECF No. 24-1, ¶ 7)). Further, LG Chem America sold no 18650 lithium ion battery cells to anyone in the United States after May 2016, more than two years before Eisenhauer's incident. (*Id*.) Thus, this Court holds that, unlike *Ford Motor Co*., no relevant evidence links LG Chem America to Missouri and, consequently, the third factor does not support jurisdiction.

The fourth and fifth factors are secondary when looking at the totality of the circumstance to determine if personal jurisdiction exists. *K-V Pharm. Co.*, 648 F.3d at 592 (citing *Johnson v. Arden,* 614 F.3d 785, 794 (8th Cir. 2010)). The fourth factor addresses Missouri's interest in providing a forum to its residents. Eisenhauer, a Missouri resident, purchased the batteries in Missouri and was injured within the forum. At the fifth factor, the Court considers the convenience to the parties. Eisenhauer lives in Missouri and his injuries occurred in the jurisdiction, so fact witnesses are also likely to live there.

Giving primary weight to the first three factors but looking at the "totality of the circumstances," the Court finds that it lacks personal jurisdiction over LG Chem America. *K-V Pharm. Co.*, 648 F.3d at 594. Importantly, Eisenhauer has not put forth any evidence to rebut LG Chem America's evidence that it did not sell lithium ion batteries within the forum or have any contacts relevant to the present action. Eisenhauer "was required to put on at least some evidence that contradicted the affidavits submitted by LG Chem America." *Williams*, 2021 WL 6072500, at *4; *see Scullin Steel Co. v. Nat'l Ry. Utilization Corp.*, 676 F.2d 309, 311 (8th Cir. 1982) ("While the facts adduced in a Rule 12(b)(2) motion to dismiss for lack of personal jurisdiction must be

viewed in the light most favorable to the party opposing the motion, there must nonetheless be some evidence upon which a prima facie showing of jurisdiction may be found to exist ...").  The Court holds that LG Chem America's contacts with Missouri are such that it should not reasonably anticipate being haled into court there, particularly based upon an incident involving a lithium ion battery.  *Burger King,* 471 U.S. at 474 (quoting *World–Wide Volkswagen,* 444 U.S. at 295).  The Court finds that Eisenhauer has not satisfied the due process minimum contacts requirements.  The Court therefore concludes that the proper application of the five-factor test does not support hearing the present case in Missouri.  *K-V Pharm. Co.*, 648 F.3d at 597; *Johnson,* 614 F.3d at 794.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant LG Chem America, Inc.'s Motion to Dismiss for Lack of Personal Jurisdiction (ECF No. 8) is **GRANTED**.  Plaintiff's claims against Defendant LG Chem America, Inc. are **DISMISSED**.

Dated this 13th day of January, 2022.

                                                                       *Ronnie L. White*
                                                                       _____
                                                                       **RONNIE L. WHITE**
                                                                       **UNITED STATES DISTRICT JUDGE**