# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| JASON EISENHAUER, | ) |
| | ) |
| Plaintiff, | )  No. 4:21-CV-964 RLW |
| | ) |
| v. | ) |
| | ) |
| LG CHEM, LTD. and LG CHEM | ) |
| AMERICA, INC., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on Defendant LG Chem, Ltd.'s Motion to Dismiss for Lack of Personal Jurisdiction (ECF No. 28) and Plaintiff's Motion to Strike or Disregard the Supplemental Declaration of Hwi Jae Lee (ECF No. 37). These matters are fully briefed and ready for disposition. For the reasons stated herein, the Court denies Defendant LG Chem, Ltd.'s Motion to Dismiss for Lack of Personal Jurisdiction and (ECF No. 28) and Plaintiff's Motion to Strike or Disregard the Supplemental Declaration of Hwi Jae Lee (ECF No. 37).

## LEGAL STANDARD

To survive a motion to dismiss for lack of personal jurisdiction, a plaintiff must make a prima facie showing of personal jurisdiction by pleading facts sufficient to support a "reasonable inference that the defendant[ ] can be subjected to jurisdiction within the state." *K-V Pharm. Co. v. J. Uriach & CIA, S.A,* 648 F.3d 588, 59-92 (8th Cir. 2011); *see also, Viasystems, Inc. v. EBM— Papst St. Georgen GmbH & Co., KG,* 646 F.3d 589, 592 (8th Cir. 2011); *Miller v. Nippon Carbon Co., Ltd.,* 528 F.3d 1087, 1090 (8th Cir. 2008); *Dever v. Hentzen Coatings*, 380 F.3d 1070, 1072 (8th Cir. 2004); *Epps v. Siewart Info. Servs. Corp.,* 327 F.3d 642, 647 (8th Cir. 2003). A plaintiff's prima facie showing "must be tested, not by the pleadings alone, but by affidavits and exhibits

supporting or opposing the motion." *K-V Pharm.,* 648 F.3d at 592 (quoting *Dever,* 380 F.3d at 1072-73). The Court views the evidence in a light most favorable to the plaintiff and resolves factual conflicts in the plaintiff's favor; however, plaintiff carries the burden of proof and that burden does not shift to defendants. *Epps,* 327 F.3d at 647; *Wallach v. Whetstone Partners, LLC*, No. 4:16 CV 450 CDP, 2016 WL 3997080, at *1 (E.D. Mo. July 26, 2016); *Fastpath, Inc. v. Arbela Techs. Corp.*, 760 F.3d 816, 820 (8th Cir. 2014). "When personal jurisdiction is contested, 'it is the plaintiff who must shoulder the burden of establishing that defendant's contacts with the forum state were sufficient.'" *Bryant v. Smith Interior Design Grp., Inc.*, 310 S.W.3d 227, 231 (Mo. 2010) (quoting *Angoff v. Marion A. Allen, Inc.,* 39 S.W.3d 483, 486 (Mo. banc 2001)).

## BACKGROUND

Plaintiff Jason Eisenhauer, a Missouri resident, purchased a 18650 lithium-ion battery manufactured by LG from a retailer in Missouri. (First Amended Complaint ("FAC"), ECF No. 6, ¶¶ 1-2). Eisenhauer was injured when that battery exploded in his pocket. (*Id*.) Defendant LG Chem, Ltd. ("LG Chem") is a global chemical-based company, founded in Korea in 1947, which produced the cylindrical 18650 lithium-ion battery at issue in this case. (FAC, ¶¶ 3, 6, 9). LG Chem ships lithium-ion batteries and other products directly into the United States from Korea and its distributors fulfill delivery and distribution of the products within the United States. (FAC, ¶ 8). LG Chem also sells lithium-ion batteries, including 18650 batteries, to Chinese companies that it knows to be distributors of e-cigarette and personal vaping products. (FAC, ¶¶ 9-10). LG Chem was aware that these companies then distributed these batteries to e-cigarette and vaping retailers, wholesalers, and distributors in the United States, including into Missouri. (FAC, ¶ 10). LG Chem does not maintain any physical presence in the United States, but instead operates through its

network of wholly owned subsidiaries to sell its various LG Chem products nationwide.  (FAC, ¶ 7).

On January 11, 2022, Defendant LG Chem filed a Motion to Dismiss based upon lack of personal jurisdiction.  (ECF No. 28).[1]  LG Chem included a declaration by Hwi Jae Lee (ECF No. 28-2).  Eisenhauser filed an Opposition on February 8, 2022 (ECF No. 33) and, on February 25, 2022, LG Chem filed a reply brief, supported by a supplemental declaration by Hwi Jae Lee.  (ECF No. 36). On March 4, 2022, Eisenhauser filed a Motion to Strike or Disregard the Supplemental Declaration of Hwi Jae Lee (ECF No. 37).  Eisenhauser argued that, for the second time in this case, one of the defendants (represented by the same counsel) waited until its reply brief to attach a "supplemental" declaration that purports to deny a particular allegation in the Complaint.  (ECF No. 37 at 1).  Plaintiff argued it was improper for Defendant LG Chem to withhold Lee's Declaration until the reply.  (ECF No. 37 at 1 (citing Fed. R. Civ. P. 6(c)(2) ("Any affidavit supporting a motion must be served with the motion.").  The Court is troubled by defense counsel's repeated practice of belatedly filing affidavits regarding information alleged in the Complaint.  Nevertheless, the Court considers Lee's Supplemental Declaration because it does not affect the Court's decision to deny LG Chem's Motion to Dismiss for Lack of Personal Jurisdiction. *See Williams v. LG Chem, Ltd.*, No. 4:21-CV-00966-SRC, 2022 WL 873366, at *1 (E.D. Mo. Mar. 24, 2022) ("while the Court considers LG Chem's behavior vexing, the Court nevertheless considers the company's declaration because the company-representative's statements do not change the Court's decision to deny the motion to dismiss").

---

[1] The Court previously granted Defendant LG Chem America, Inc.'s Motion to Dismiss for Lack of Personal Jurisdiction (ECF No. 8) on January 13, 2022.  (ECF No. 29).

Eisenhauer alleges in his Complaint that "the Defendants" maintain "purposeful, continuous, and systematic contacts with Missouri entities and the Missouri market with respect to lithium-ion batteries, including 18650 lithium-ion batteries." (FAC, ¶ 14). Eisenhauer alleges the "regular course and scope of Defendants' business involves shipping huge quantities of its batteries, including 18650 lithium-ion batteries, into and throughout Missouri, and each Defendant has specifically shipped tens of thousands of lithium-ion batteries into Missouri." (FAC, ¶ 14). Eisenhauer alleges, upon information and belief, that "these batteries (including 18650 batteries) were during the relevant time period sold both as stand-alone batteries at retailers in Missouri and as component parts in products sold in Missouri." (*Id*.) Eisenhauer maintains that this "suit arises out of or relates to the Defendants' contacts with Missouri because it involves an injury to a Missouri resident that occurred in Missouri and was caused by an LG-manufactured 18650 lithium-ion battery sold in Missouri." (*Id*.)

In support of its Motion to Dismiss, LG Chem argues that it is a Korean corporation with its headquarters and principal offices in Seoul, South Korea and cannot be considered "at home" in Missouri. (ECF No. 28, ¶ 2). Further, LG Chem argues that it is not subject to the specific jurisdiction of the Court because Eisenhauser's claims do not arise out of or relate to its purposeful contacts with Missouri created by LG Chem. (ECF No. 28, ¶ 3 (citing Mo. Rev. Stat. § 506.500)). LG Chem contends that it "never served a consumer market for standalone, replaceable lithium ion batteries in Missouri, or anywhere else." (ECF No. 28, ¶ 4). Further, LG Chem maintains it "never distributed, advertised, marketed, or sold its 18650 lithium ion battery cells directly to consumers in Missouri (or anywhere) as standalone replaceable batteries, and never distributed, marketed, advertised, or sold any 18650 lithium ion battery cells to anyone else for resale to consumers in Missouri (or anywhere) as standalone, replaceable batteries." (ECF No. 28, ¶ 4).

As stated, LG Chem filed sworn declarations by Hwi Jae Lee, a sales professional for LG Chem from 2015 to 2020. *See* ECF Nos. 28-2, ¶ 5. Lee declared that LG Chem does not have an office in Missouri, is not registered to do business in Missouri, does not have a registered agent for service of process in Missouri, and does not own or lease any real property in Missouri. (ECF No. 28-2, ¶ 9). Lee contends that LG Chem "never designed, manufactured, distributed, advertised, or sold 18650 lithium ion cells for sale or to use by individual consumers as standalone, replaceable batteries." (ECF No. 28-2, ¶ 14). Likewise, Lee asserts that LG Chem "never distributed, marketed, advertised, or sold 18650 lithium ion cells directly to consumers as standalone, replaceable batteries, and never authorized any manufacturer, wholesaler, distributed, retailer, re-seller, or other individual or entity to do so." (ECF No. 28-2, ¶ 15). Lee further swore that LG Chem "did not supply, sell, ship, distribute or otherwise provide standalone 18650 lithium ion batteries directly to consumers in Missouri, and LG Chem did not have distributors for its 18650 lithium ion battery cells located in Missouri. LG Chem also did not provide advertise, or authorized consumer repair or replacement services for LG 18650 lithium ion cells in Missouri". (ECF No. 28-2, ¶ 18).

In his supplemental declaration, attached to LG Chem's Reply, Lee attests that he is "not aware of any basis for the assertion that LG Chem sold or shipped tens of thousands of 18650 lithium ion cells to buyers in Missouri." (ECF No. 36-1, ¶ 9). Further, Lee states "LG Chem did not sell or ship any 18650 lithium ion cells to anyone located in Missouri in the three years preceding the date of Plaintiff's alleged incident (August 7, 2018)." (ECF No. 36-1, ¶ 10).

In his Opposition, Eisenhauer contends that his pleadings satisfy due process because he has established sufficient minimum contacts with the forum. First, Eisenhauer alleged that LG Chem regularly ships huge quantities of its batteries, including the subject 18650 lithium-ion

batteries, into and throughout Missouri. (ECF No. 33 at 6). Eisenhauer also alleges that LG Chem sold large quantities of knowingly defective or nonconforming 18650 batteries to distributors outside Missouri, knowing that these distributors, wholesalers, and retailers would sell the nonconforming batteries for individual electronic or other uses in Missouri. (*Id*. at 6-7). Eisenhauser further asserts that he has established causation or a connection between this lawsuit and LG's activities. Eisenhauser maintains that the FAC provides that had LG chem not sold any 18650 batteries directly to Missouri entities or to out-of-state distributors with LG's expectation and knowledge that they would be sold in large quantities to Missouri customers for individual electronic or other uses, then Eisenhauser would not have purchased his battery and it would not have exploded in his pocket, injuring him. (ECF No. 33 at 10). That is, Eisenhauser argues that "LG may not evade the jurisdiction of a state where the plaintiff was injured by a battery sold as a result of LG's contacts with the state." (ECF No. 33 at 10).

## **DISCUSSION**

"Specific personal jurisdiction can be exercised by a federal court in a diversity suit only if authorized by the forum state's long-arm statute and permitted by the Due Process Clause of the Fourteenth Amendment," *Viasystems, Inc. v. EBM-Papst St. Georgen GmbH & Co., KG*, 646 F.3d 589, 593 (8th Cir. 2011), and "LG Chem argues that neither permits the Court's exercise of jurisdiction here." *Williams, 2022 WL 873366, at \*2*. The Court first considers the due-process issue and then Missouri's long-arm statute, before taking up Eisenhauser's motion to strike.

### A. Due Process

Due process requires a plaintiff to establish that "sufficient 'minimum contacts' exist" between the defendant and the forum state such that "'traditional notions of fair play and

substantial justice' are not offended." *Whaley v. Esebag*, 946 F.3d 447, 451 (8th Cir. 2020) (quoting *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945)). These minimum contacts with the forum state must allow the defendant to "reasonably anticipate being haled into court there." *Id.* (quotation omitted).

While the Due Process Clause allows the court to exercise general or specific personal jurisdiction over a defendant, *see, e.g.*, *Fastpath, Inc. v. Arbela Tech., Corp.*, 760 F.3d 816, 820 (8th Cir. 2014), because Eisenhauser argues only that the Court has specific jurisdiction over LG Chem, *see* ECF No. 33 at p. 4, the Court only addresses specific jurisdiction. *See Williams*, 2022 WL 873366, at *2.

A court's jurisdiction over specific claims arises out of a relationship among the defendant, the forum, and the litigation. *Daimler AG v. Bauman*, 571 U.S. 117, 133 (2014). For specific jurisdiction to exist, the suit must "aris[e] out of or relat[e] to the defendant's contacts with the forum." *Bristol-Myers Squibb Co. v. Super. Ct. of Cal., S.F. Cty.*, 137 S. Ct. 1773, 1780 (2017) (alterations in original) (citations and internal quotations omitted); *see also Whaley*, 946 F.3d at 451 (quoting *Walden v. Fiore*, 571 U.S. 277, 284 (2014)) (noting that "the relationship must arise out of contacts that the 'defendant himself' create[d] with the forum State").

Courts in this circuit apply a five-factor test to determine the sufficiency of a non-resident defendant's contacts with the forum state. *Dever,* 380 F.3d at 1073. The five factors are: 1) the nature and quality of contacts with the forum state; 2) the quantity of the contacts; 3) the relation of the cause of action to the contacts; 4) the interest of the forum state in providing a forum for its residents; and 5) convenience of the parties. *Id.* at 1073-74 (quoting *Burlington Indus., Inc. v. Maples Indus., Inc.,* 97 F.3d 1100, 1102 (8th Cir. 1996)). The Court gives significant weight to the first three factors. *Id.* at 1074; *Fastpath, Inc. v. Arbela Techs. Corp.,* 760 F.3d 816, 821 (8th Cir.

2014). The factors are interrelated, and the Eighth Circuit considers them together. *See K-V Pharm. Co.*, 648 F.3d at 592 ("Although the first three factors are primary factors, and the remaining two are secondary factors, we look at all of the factors and the totality of the circumstances in deciding whether personal jurisdiction exists."). After review of these factors, the Court finds that it has specific jurisdiction over LG Chem.

### 1. Nature, quality, and quantity of LG Chem's Missouri Contacts

In the FAC, Eisenhauser alleges that LG Chem purposefully marketed, advertised, targeted, and promoted the sale of its products for distribution and sale in Missouri. LG Chem, through Lee, attempts to distance itself from the presence of its products within the forum state. Lee declared that, based upon his review, "LG Chem did not sell or ship any 18650 lithium ion cells to anyone located in Missouri in the three years preceding the date of Plaintiff's alleged incident[.]" (ECF No. 36-1, ¶ 10). The Court, however, finds that "this statement only targets a limited time period and does not contradict [Eisenhauser's] assertions." *Williams*, 2022 WL 873366, at *3. Likewise, Lee's personal awareness regarding LG Chem's business contacts with Missouri does not preclude a finding that LG Chem purposefully directed the sale and/or distribution of its lithium ion cells to Missouri. *See id*.

Further, Lee fails to controvert Eisenhauer's allegation that LG Chem marketed, advertised, targeted, and promoted the sale of its various products in Missouri. Rather, Lee declares "with surgical precision… that LG Chem did not advertise its 18650 lithium-ion batteries for particular purposes and to certain people and entities" *Williams*, 2022 WL 873366, at *3 (citing Lee's declaration in another, similar case). For example, Lee declares that LG Chem: "never designed, manufactured, distributed, advertised, or sold 18650 lithium on cells for sale or to use by individual consumers as *standalone, replaceable batteries*" (ECF No. 28-2, ¶ 13), "never

distributed, marketed, advertised, or sold 18650 lithium ion cells directly to consumers as *standalone, replaceable batteries*, and never authorized [anyone else] to do so" (ECF No. 28-2, ¶ 14), "never advertised, distributed, or sold any lithium ion battery cells to any … entity known to LG Chem to be engaged in the business of selling 18650 lithium ion cells *directly to consumers for use as standalone, replaceable batteries*" (ECF No. 28-2, ¶ 19), and "never authorized any … entity to advertise, distribute, or sell LG 18650 lithium ion cells for use by individual consumers as *standalone, replaceable batteries* in e-cigarette devices or for any other purpose" (ECF No. 28-2, ¶ 20) (emphasis added in all).   Thus, the Court holds that LG Chem's "carefully crafted declaration also does not refute the assertion that LG Chem advertised its products in Missouri." *Williams*, 2022 WL 873366, at *3.

The Court finds sufficient support in the evidence for finding that Eisenhauser plausibly alleges that LG Chem advertised its products in Missouri and shipped "huge quantities" of 18650 lithium-ion batteries into Missouri.  *See Ford Motor Co. v. Montana Eighth Jud. Dist. Ct.*, 141 S. Ct. 1017, 1022 (2021)("When a company … serves a market for a product in a State and that product causes injury in the State to one of its residents, the State's courts may entertain the resulting suit.").

### 2. Relation of Eisenhauer's Claims to LG Chem's Missouri Contacts

As repeatedly noted by the United States Supreme Court, the plaintiff's claims "must arise out of or relate to the defendant's contacts" with the forum. *Bristol-Myers Squibb Co.*, 137 S. Ct. at 1776: *Ford Motor Co.*, 141 S. Ct. at 1019.  LG Chem argues that that Eisenhauser has not demonstrated the connection between his claim and the forum based upon the following: (1) the Missouri Supreme Court has found that Missouri courts lack jurisdiction over LG Chem (ECF No.

28-1, pp. 10-12); (2) LG Chem's contacts with Missouri do not relate to Eisenhauser's claims because LG Chem "never served a consumer market in Missouri for standalone 18650 lithium ion batteries" but rather only sold to "industrial customers in Missouri, to be encased in battery backs with protective circuit[r]y"(ECF No. 28-1 at 13); and (3) LG Chem's contacts with Missouri were based on contacts by third parties. (ECF No. 28-1 at 13-14). The Court finds LG Chem's arguments to be unpersuasive.

First, LG Chem relies on a Missouri Supreme Court decision finding that "[b]ecause the sale of LG Chem's batteries into Missouri by an independent third party is the only contact between LG Chem and Missouri that [the plaintiff] alleges, [the plaintiff] has failed to establish LG Chem has sufficient minimum contacts with Missouri to allow Missouri courts to assert specific personal jurisdiction over LG Chem consistent with due process." *State ex rel. LG Chem, Ltd. v. McLaughlin*, 599 S.W.3d 899, 904 (Mo. 2020). In *McLaughlin*, however, "Bishop alleged only that LG Chem's model 18650 batteries made their way into Missouri by way of an independent, third-party distributor that sold the batteries into Missouri." *McLaughlin*, 599 S.W.3d at 903. Conversely, Eisenhauser alleges that LG Chem shipped "huge quantities" of 18650 lithium-ion batteries into Missouri. (FAC, ¶ 14). Although LG Chem attempts to refute this allegation with Lee's "carefully crafted" declaration, the Court finds that Eisenhauser's "uncontroverted allegation that LG Chem itself directed 18650 lithium-ion batteries into Missouri distinguishes *McLaughlin*." *Williams*, 2022 WL 873366, at *4.

Second, LG Chem maintains that Eisenhauser's claims do not arise out of or relate to LG Chem's contact with Missouri because "LG Chem introduced admissible evidence showing that it never served a consumer market in Missouri for standalone 18650 lithium ion batteries." (ECF No. 28-1, p. 13). Further, LG Chem maintains that "[e]ven if LG Chem had shipped 'tens of

- 10 -

thousands' of 18650 lithium ion battery cells to industrial customers in Missouri, to be encased in battery packs with protective circuit[r]y, this would still not be sufficient to support Plaintiff's burden because Plaintiff cannot show that such alleged activities are related in any way to his claims for injury from his use of an 18650 lithium ion battery cell that he acquired from a Missouri retailer as a standalone battery to power his e-cigarette device." (ECF No. 28-1, p. 13). However, as previously discussed, Lee's carefully-worded declaration does not preclude LG Chem from having served a consumer market in Missouri. *See* ECF No. 28-2, ¶¶ 14, 15, 18. Indeed, Lee only definitively stated that "LG Chem did not sell or ship any 18650 lithium ion cells to anyone located in Missouri in the three years preceding the date of Plaintiff's alleged incident[.]" (ECF No. 36-1, ¶ 10). As noted by another district court, Lee's declarations are insufficient to show that Eisenhauser's claims did not arise out of relate to LG's contacts with Missouri:

> These statements at most establish that LG Chem did not sell 18650 lithium-ion batteries *directly* to consumers, knowingly sell 18650 lithium-ion batteries to an entity that sold *directly* to consumers, or *explicitly authorize* an entity to sell 18650 lithium-ion batteries *directly* to consumers. The declarations do not rule out LG Chem's service of a consumer market through a slightly more complex, hypothetical supply-chain: for example, LG Chem sells 18650 lithium-ion batteries to a Missouri firm, that sells batteries to another firm, that sells batteries directly to consumers. Thus, LG Chem's declarations do not establish that "LG Chem never served a consumer market for standalone, 18650 vaping batteries in Missouri," Doc. 23-1 at p. 9, and do not refute Williams's allegations. The Court therefore need not address LG Chem's legal arguments that depend upon this assertion.

*Williams*, 2022 WL 873366, at *4 (E.D. Mo. Mar. 24, 2022). Likewise, the Court finds that LG Chem has not rebutted Eisenhauser's sufficient allegations that his claims arise out of or relate to LG Chem's contacts with Missouri.

Finally, the Court discerns that Eisenhauser has alleged contacts with Missouri, independent from third-party contacts. *Cf. Bristol-Myers Squibb Co.*, 137 S. Ct. at 1781 ("a defendant's relationship with a ... third party, standing alone, is an insufficient basis for

jurisdiction"). Again, Eisenhauser alleges that direct contacts between LG Chem and Missouri, namely shipping "huge quantities" of 18650 lithium-ion batteries directly into Missouri. (FAC, ¶ 14). Thus, the Court finds that Eisenhauser adequately sets forth contacts that establish personal jurisdiction.

### 3. Missouri's Interest and Convenience of the Parties

Finally, the Court must address Missouri's interest in the subject litigation and the convenience of the parties. These last two factors "carry less weight and are not dispositive." *Kaliannan v. Liang*, 2 F.4th 727, 733 (8th Cir. 2021); *Sweetbridge Grp., LLC v. Robinson & Cole, LLP*, No. 4:21-CV-04138-KES, 2022 WL 1719413, at *5 (D.S.D. May 27, 2022). Clearly, Missouri has an interest in a case involving an injury to one of its residence. *3M Co. v. Mohan*, No. 09-1413 ADM/FLN, 2010 WL 786519, at *3 (D. Minn. Mar. 5, 2010) ("Minnesota has an interest in providing its residents with a convenient forum to adjudicate alleged injuries by out-of-state actors."); *K-V Pharm. Co. v. J. Uriach & CIA, S.A.*, 648 F.3d 588, 595 (8th Cir. 2011) ("Missouri obviously has an interest in providing a forum for resident corporations like KV"). And, the "fifth and final factor, on the other hand, is essentially neutral. This factor—the convenience to the parties—largely balances out wherever the trial is held." *K-V Pharm. Co.*, 648 F.3d at 595 ("A trial in Spain would be just as inconvenient for KV as a trial in Missouri would be for Uriach."). In any event, Eisenhauser and any witnesses to his injury would likely be located in the forum, making it more convenient for them. On the other hand, LG Chem, as a large corporation, would likely be able to defend its business interest in this forum.

In sum, considering all of the factors and the totality of the circumstances, the Court holds that Eisenhauser has made a prima facie case that LG Chem purposefully availed itself of the

privilege of doing business in Missouri by shipping 18650 lithium-ion batteries into the state, that Eisenhauser's claims relate to those contacts, and that the Court's exercise of personal jurisdiction comports with due process. *Williams*, 2022 WL 873366, at *5.

### B.  Missouri's Long Arm Statute

The "'ultimate objective'" of Missouri's long arm-statute, Mo. Rev. Stat. § 506.500, is "'to extend the jurisdiction of the courts of [Missouri] over nonresident defendants to that extent permissible under the Due Process Clause of the Fourteenth Amendment of the Constitution of the United States.'" *Clune v. Alimak AB,* 233 F.3d 538, 541 (8th Cir. 2000) (quoting *State v. Pinnell,* 454 S.W.2d 889, 892 (Mo. 1970) (en banc)); *Enter. Rent-A-Car Co. v. Stowell*, 137 F. Supp. 2d 1151, 1155 (E.D. Mo. 2001).  Thus, this Court's inquiry into whether the assertion of personal jurisdiction over Defendant satisfies Missouri's long-arm statute is coextensive with its inquiry into whether the assertion satisfies due process. *See Uncle Sam's Safari Outfitters, Inc. v. Uncle Sam's Army Navy Outfitters–Manhattan, Inc.*, 96 F.Supp.2d 919, 921 (E.D. Mo. 2000).

Missouri's long-arm statute authorizes personal jurisdiction over defendants who, *inter alia,* transact business, make a contract, or commit a tort within the state. Mo. Rev. Stat. § 506.500.1. "These individual categories are construed broadly, such that if a defendant commits one of the acts specified in the long-arm statute, the statute will be interpreted 'to provide for jurisdiction, within the specific categories enumerated in the statute[ ], to the full extent permitted by the [D]ue [P]rocess [C]lause.'" *Viasystems, Inc. v. EBM-Papst St. Georgen GmbH & Co., KG*, 646 F.3d 589, 593 (8th Cir. 2011) (quoting *State ex rel. Metal Serv. Ctr. of Ga., Inc. v. Gaertner,* 677 S.W.2d 325, 327 (Mo. banc 1984)).  Eisenhauser has alleged that LG Chem's tortious acts caused foreseeable injury to Eisenhauser in Missouri. (FAC, p. 1 ("Eisenhauser was injured when a lithium-ion battery he was carrying inside his pocket suddenly exploded.").  Thus, the Court finds

that the third category of Missouri's long-arm statute has been satisfied. *Myers v. Casino Queen, Inc.*, 689 F.3d 904, 911 (8th Cir. 2012) ("If a defendant can reasonably foresee his or her negligent actions having consequences felt in Missouri, jurisdiction is authorized.").

**C. Motion to Strike**

In his Motion (ECF No. 37), Eisenhauer asserts that the Court should strike or disregard the supplemental declaration of Hwi Jae Lee because it was submitted with LG Chem's reply memorandum even though it was aware of the information at issue at the time LG Chem filed its Motion to Dismiss. In the alternative, Eisenhauer asks the Court to allow him to conduct a deposition or other jurisdictional discovery in response to Hwi Jae Lee's declaration. (ECF No. 37 at 2).

In response, LG Chem argues that it filed Lee's supplemental declaration to address specific arguments found in Eisenhauser's Opposition brief, but not his Complaint. (ECF No. 38 at 2). Further, LG Chem contends that the Eighth Circuit has found that a motion to strike is not a procedurally proper mechanism to challenge an affidavit. (ECF No. 38 at 8). LG Chem further notes that Plaintiff did not seek leave to file a sur-reply to offer evidence to controvert Lee's supplemental declaration. (ECF No. 28 at 3-4).

The Court agrees that it would be improper to strike Defendant's declaration under Rule 12(f). Declarations are not pleadings under the federal rules. *See* Fed. R. Civ. P. 7(a) ("Only these pleadings are allowed: (1) a complaint; (2) an answer to a complaint; (3) an answer to a counterclaim designated as a counterclaim; (4) an answer to a crossclaim; (5) a third-party complaint; (6) an answer to a third-party complaint; and (7) if the court orders one, a reply to an answer."); *Marty v. Dave's Wholesale Fireworks, Inc.*, No. 2:18-CV-00038-PLC, 2019 WL

3556685, at *1 (E.D. Mo. Aug. 5, 2019) ("Because Plaintiff's motion for leave and accompanying affidavit of counsel are not pleadings subject to attack by a motion to strike, the Court denies Winco Defendants' motion to strike Plaintiff's motion."); *Coleman v. City of Pagedale*, 4:06CV1376 ERW, 2008 WL 161897, at *4 (E.D. Mo. Jan. 15, 2008) ("Motions, briefs, memoranda, objections or affidavits may not be the subject of a motion to strike."); *Williams ex rel. McIntosh v. City of Beverly Hills, Mo*, 4:07CV661 CAS, 2007 WL 2792490, at *2 (E.D. Mo. Sept. 24, 2007) ("motion to remand is not a pleading, and therefore may not be subject to a motion to strike"); *Joe Hand Promotions, Inc. v. Shepard*, No. 4:12CV1728 SNLJ, 2015 WL 1976342, at *2 (E.D. Mo. Apr. 30, 2015) (same).

Alternatively, Eisenhauser requests that the Court disregard the Lee's supplemental declaration because it was attached to LG Chem's reply brief. *See Carpenters' Pension Fund of Illinois v. Neidorff*, 30 F.4th 777, 787 (8th Cir. 2022) (quoting *Barham v. Reliance Standard Life Ins. Co.*, 441 F.3d 581, 584 (8th Cir. 2006) ("As a general rule, we will not consider arguments raised for the first time in a reply brief. We are not precluded from doing so, however, particularly where, as here, the argument raised in the reply brief supplements an argument raised in a party's initial brief."); *J.W. by & through Williams v. Cigna Health & Life Ins. Co.*, No. 4:21-CV-00324-SRC, 2022 WL 1185196, at *2 (E.D. Mo. Apr. 21, 2022) ("Courts generally do not review arguments first raised in a reply brief because the other party has not had adequate opportunity to respond to such arguments."). Eisenhauser contends that he was not able to adequately respond to Lee's declaration and LG Chem's rebuttal evidence that it did not ship 18650 lithium-ion batteries into Missouri.

In response, LG Chem argues that Eisenhauser asserted in his Opposition brief—not in his Complaint—that "LG designed, manufactured, sold, and shipped tens of thousands of the same

product [i.e., a cylindrical 18650 lithium-ion battery][ to buyers in Missouri." (ECF No. 38 at 2 (citing ECF No. 33 at 1)). And, LG Chem states Eisenhauser asserted in his Opposition brief—not his Complaint—that "[t]he complaint allege that LG shipped thousands of 18650 lithium-ion batteries to Missouri, and LG has not put in any evidence to refute this allegation." (ECF No. 38 at 2 (citing ECF No. 33 at 9)).

Eisenhauser's Complaint alleged that LG Chem "shipp[ed] huge quantities of its batteries, including 18650 lithium-ion batteries, into and throughout Missouri, and each Defendant has *specifically shipped tens of thousands of lithium-ion batteries into Missouri*." (ECF No. 1, ¶ 10 (emphasis added)). LG Chem attempts to distinguish the "generic[]" allegation in Eisenhauser's Complaint that LG Chem "shipped tens of thousands of lithium-ion batteries" from the "specific factual assertion and argument" that LG Chem shipped "18650 lithium-ion batteries" in Eisenhauser's Opposition brief. (ECF No. 38 at 2). LG Chem claims that this overfine distinction justified Lee's supplemental declaration to address this "new" factual information in Eisenhauser's Opposition. (*Id.*).

The Court finds that LG Chem's argument is unpersuasive. As noted, Eisenhauser alleged that LG Chem "shipp[ed] huge quantities of its batteries, including 18650 lithium-ion batteries, into and throughout Missouri[.]" (ECF No. 1, ¶ 10). LG Chem acknowledged this jurisdictional allegation in its Memorandum in Support of its Motion to Dismiss (ECF No. 28-1 at 3-4) and argued in contravention of this allegation. *See* ECF No. 28-1 at 13 ("Even if LG Chem had shipped 'tens of thousands' of 18650 lithium ion battery cells to industrial customers in Missouri…"). Thus, LG Chem cannot verily argue that Eisenhauser raised this issue in his Opposition. Nevertheless, the Court holds that Eisenhauser "makes a prima facie case of jurisdiction even

considering" Lee's supplemental declaration and the Court denies Eisenhauser's motion to strike. *Williams*, 2022 WL 873366, at *6.

Accordingly,

**IT IS HEREBY ORDERED** Defendant LG Chem, Ltd.'s Motion to Dismiss for Lack of Personal Jurisdiction (ECF No. 28) and Plaintiff's Motion to Strike or Disregard the Supplemental Declaration of Hwi Jae Lee (ECF No. 37) are **DENIED**.

Dated this 21st day of June, 2022.

*Ronnie L. White*

**RONNIE L. WHITE**
**UNITED STATES DISTRICT JUDGE**