# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| JASON EISENHAUER, | ) |
| Plaintiff, | ) Case No. 4:21-CV-964-RLW |
| v. | ) STIPULATED CONFIDENTIALITY |
| LG CHEM, LTD., | ) AND PROTECTIVE ORDER |
| Defendant. | ) |

Upon stipulation of the parties for an Order pursuant to Fed. R. Civ. P. 26(c) that trade secret or other confidential information be disclosed only in designated ways:[1]

### I. DEFINITIONS

In this Confidentiality and Protective Order, the words set forth below shall have the following meanings:

a. "Proceeding" means the above-entitled proceeding in the United States District Court for the Eastern District of Missouri, Eastern Division, Case No. 4:21-CV-964-RLW.

b. "Court" means the Honorable Ronnie L. White, or any other judge to which this Proceeding may be assigned, including Court staff participating in such Proceeding.

c. "Confidential" means any information which is in the possession of a Designating Party who believes in good faith that such information is entitled to confidential treatment under Federal Rule of Civil Procedure 26(c)(1) or other federal or state law applicable at the time of production, and/or Disclosure of such information to another Party or non-Party would create a substantial risk of serious legal, regulatory, competitive, financial, privacy or other injury or violation that cannot be avoided by less restrictive means.

---

[1] LG Chem, Ltd. ("LG Chem") asserts that it participates in this Stipulated Confidentiality and Protective Order subject to and without waiver of its personal jurisdiction.

      d.     "Confidential Materials" means any Documents, Testimony or Information as defined below designated by the Designating Party which, in good faith, contends said documents contain "Confidential" information pursuant to the provisions of this Confidentiality and Protective Order, and includes information regarding LG Chem's business, products, practices, or procedures that, in the ordinary course of business, is not voluntarily disclosed to the public or to third persons or entities who do not have a need to know. Documents or materials that concern, reflect, embody or constitute the foregoing may include, but shall not be limited to, trade secrets, research, design, development, financial, technical, marketing, planning, personal, or commercial information, in the form of correspondence, memoranda, notes, plans, specifications, blueprints, drawings, test reports, test procedures, test manuals, photographs, motion pictures, accident reports, claims, videotapes, graphs, charts, financial and budget information, and deposition or trial transcripts and exhibits thereto.

      e.     "Designating Party" means the Party or non-party that designates Documents, Information, or Testimony as "Confidential."

      f.     "Receiving Party" means a Party that receives Disclosure of Confidential Materials from a Designating Party.

      g.     "Disclose" or "Disclosed" or "Disclosure" means to reveal, divulge, give, or make available Confidential Materials, or any part thereof, or any information contained therein.

      h.     "Documents" means (i) any "Writing," "Original," and "Duplicate" as those terms are defined by the Federal Rules of Evidence, which have been produced in discovery in this Proceeding by any person, and (ii) any copies, reproductions, or summaries, descriptions, or derivations of all or any part of the foregoing.

      i.     "Material" means Document(s), Testimony and /or Information.

      j.     "Information" means the content of Documents or Testimony.

      k.     "Testimony" means all depositions, declarations or other testimony taken or used in this Proceeding.

l.	"Party or Parties" means any party to this proceeding, and any of their officers, directors, owners, members, partners, trustees, beneficiaries, employees, consultants, retained experts, attorneys, and outside counsel (and their support staff).

II.	**DESIGNATING CONFIDENTIAL MATERIALS**

The Designating Party shall have the right to designate as "Confidential," and subject to this Order any Document, Testimony or Information, or portion of any Document, Testimony or Information: (a) that contains trade secrets, competitively sensitive technical, marketing, financial, sales or other confidential business information, or (b) that contains private or confidential personal information, or (c) that contains information received in confidence from third parties, or (d) which the producing party otherwise believes in good faith to be entitled to protection under Federal Rule of Civil Procedure 26(c)(1).  The Designating Party shall have the right to designate as "Confidential," any Documents, Testimony or Information that the Designating Party in good faith believes to contain non-public information that is entitled to confidential treatment under applicable law or to which the Designating Party in good faith believes would create a substantial risk of serious financial or other injury, if Disclosed to another Party or non-Party, and that such risk cannot be avoided by less restrictive means in accordance with the parameters and definitions of this designation as defined above.  Each party that designates information or items for protection under this Confidentiality and Protective Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. Mass, indiscriminate, or routinized designations are prohibited.

The entry of this Order does not alter, waive, modify, or abridge any right, privilege, or protection or objection otherwise available to any Party with respect to the discovery of matters, including but not limited to any Party's right to assert objections based on relevancy, materiality, the attorney-client privilege, the attorney work product doctrine, or any other privileges or federal or state privacy rights of the Party or third parties, or any Party's right to contest any such assertion. All questions of admissibility may be asserted at the time of trial of any action in which such Confidential Materials are used or proffered should any such party deem it proper.

Any Documents, Testimony or Information to be designated as "Confidential" must be clearly so designated before the Document, Testimony or Information is Disclosed or produced. The "Confidential" designation should not obscure or interfere with the legibility of the designated Information.

      a.    For Documents (apart from transcripts of depositions or other pretrial or trial proceedings), the Designating Party must affix the legend: "CONFIDENTIAL" or "CONFIDENTIAL – SUBJECT TO CONFIDENTIALITY ORDER" (hereinafter "Confidential"), on each page of any Document containing such designated Confidential Material.

      b.    For Testimony given in depositions, the Designating Party may either:

          i.    identify on the record, before the close of the deposition, all "Confidential" Testimony, by specifying all portions of the Testimony that qualify as "Confidential."  In circumstances where portions of the deposition Testimony are designated for protection, the transcript pages containing "Confidential" Information may be separately bound by the court reporter, who must affix to the top of each page the term "Confidential" as instructed by the Designating Party; or

          ii.    designate all "Confidential" Testimony, by specifying all portions of the Testimony that qualify as "Confidential" within thirty (30) days following receipt of the deposition transcript or at such other time mutually agreed upon by the parties.

      c.    For Information produced in some form other than Documents, and for any other tangible items, including, without limitation, compact discs or DVDs, the Designating Party must affix in a prominent place on the exterior of the container or containers in which the Information or item is stored the term "Confidential."  If only portions of the Information or item warrant protection, the Designating Party, to the extent practicable, shall identify the "Confidential" portions.

      d.    Any party who inadvertently fails to identify documents as "Confidential" or "Confidential-Attorneys' Eyes Only" shall have 10 days from the discovery of

its oversight to correct its failure. Such failure shall be corrected by providing written notice of the error and substituting copies of the inadvertently produced documents bearing appropriate confidentiality designations. Any party receiving such inadvertently unmarked documents shall make reasonable efforts to retrieve documents distributed to persons not entitled to receive documents with the corrected designation

e. Any party who inadvertently discloses documents that are privileged or otherwise immune from discovery shall, promptly upon discovery of such inadvertent disclosure, so advise the receiving party and request that the documents be returned. The receiving party shall return such inadvertently produced documents, including all copies, within 10 days of receiving such a written request. The party returning such inadvertently produced documents may thereafter seek reproduction of any such documents pursuant to applicable law.

### III.  CHALLENGING CONFIDENTIALITY DESIGNATIONS

Any party may request a change in the designation of any information designated "Confidential" and/or "Confidential-Attorneys' Eyes Only."  Any such document shall be treated as designated until the change is completed. If the requested change in designation is not agreed to, the party seeking the change may move the Court for appropriate relief, providing notice to any third party whose designation of produced documents as "Confidential" and/or "Confidential-Attorneys' Eyes Only" in the action may be affected.  The party asserting that the material is Confidential shall have the burden of proving that the information in question is within the scope of protection afforded by Fed. R. Civ. P. 26(c)

### IV.  ACCESS TO AND USE OF CONFIDENTIAL MATERIALS

Access to and/or Disclosure of Confidential Materials designated as "Confidential" shall be permitted only to the following persons:

a. the Court;

    b. (1) Attorneys of record in this Proceeding and their affiliated attorneys, paralegals, clerical and secretarial staff employed by such attorneys who are actively involved in the Proceeding, and retained by a Party, and are not employees of any Party. (2) In-house counsel to the undersigned Parties and the paralegal, clerical and secretarial staff employed by such counsel.  Provided, however, that each non-lawyer given access to Confidential Materials shall be advised that such Confidential Materials are being Disclosed pursuant to, and are subject to, the terms of this Confidentiality and Protective Order and that they may not be Disclosed other than pursuant to its terms;

    c. those officers, directors, partners, members, employees and agents of all non-designating Parties that counsel for such Parties deems necessary to aid counsel in the prosecution and defense of this Proceeding; provided, however, that prior to the Disclosure of Confidential Materials to any such officer, director, partner, member, employee or agent, counsel for the Party making the Disclosure shall deliver a copy of this Confidentiality and Protective Order to such person, shall explain that such person is bound to follow the terms of such Order, and shall secure the signature of such person on the Agreement attached hereto as Exhibit A;

    d. court reporters, recorders, and videographers in this Proceeding (whether at depositions, hearings, or any other proceeding);

    e. any deposition, trial or hearing witness in the Proceeding who previously has had access to the Confidential Materials, or who is currently or was previously an officer, director, partner, member, employee or agent of an entity that has had access to the Confidential Materials;

    f. any deposition or non-trial hearing witness in the Proceeding who previously did not have access to the Confidential Materials; provided, however, that each such witness given access to Confidential Materials shall be advised that such Confidential Materials are being Disclosed pursuant to, and are subject to, the terms of this Confidentiality and Protective Order and that they may not be Disclosed other than pursuant to its terms; shall be given a copy of

this Confidentiality and Protective Order; and shall sign the Agreement attached hereto as Exhibit A;

    g. mock jury participants; provided, however, that prior to the Disclosure of Confidential Materials to any such mock jury participant, counsel for the Party making the Disclosure shall deliver a copy of this Confidentiality and Protective Order to such person, shall explain that such person is bound to follow the terms of such Order, and shall secure the signature of such person on the Agreement attached hereto as Exhibit A;

    h. outside experts or expert consultants retained and consulted by the undersigned Parties or their counsel in connection with the Proceeding, whether or not retained to testify at any oral hearing; provided, however, that prior to the Disclosure of Confidential Materials to any such expert or expert consultant, counsel for the Party making the Disclosure shall deliver a copy of this Confidentiality and Protective Order to such person, shall explain its terms to such person, and shall secure the signature of such person on the Agreement attached hereto as Exhibit A;

    i. the Jury, at the time of trial;

    j. any mediator mutually agreed to by the parties to assist in settlement discussions; provided, however, that prior to the Disclosure of Confidential Materials to any such person, the Parties shall deliver a copy of this Confidentiality and Protective Order to such person and shall secure the signature of such person on the Agreement attached hereto as Exhibit A;

    k. Graphics, translation, or design services retained by counsel of record in this Litigation for purposes of this Litigation, provided such services have signed the Agreement attached hereto as Exhibit A.  A signature by an authorized representative of the company who confirms that he or she has appropriately advised the relevant employees of the confidentiality obligations in this order and taken reasonable steps to comply thereto shall be sufficient;

    l. Commercial copy vendors retained by counsel of record in this  action for purposes of this Litigation, provided, however, that prior to the Disclosure of Confidential Materials to any such vendors, counsel for the Party making the Disclosure shall deliver a copy of

this Confidentiality and Protective Order to such vendors, shall explain that such vendors are bound to follow the terms of such Order, and provided such vendors have signed the Agreement attached hereto as Exhibit A.  A signature by an authorized representative of the company who confirms that he or she has appropriately advised the relevant employees of the confidentiality obligations in this order and taken reasonable steps to comply thereto shall be sufficient;

      m.    any other person that the Designating Party agrees to in writing.

Counsel for the party seeking to disclose Confidential Material to any person pursuant to this Confidentiality and Protective Order shall be responsible for retaining the executed originals or copies of all such Non-Disclosure Agreements.  Copies of any such Non-Disclosure Agreements (except for those signed by non-testifying experts or outside consultants, including mock jury participants, who need not be disclosed under the Federal Rules of Civil Procedure) shall be provided to counsel for the Designating Parties or non-Parties upon the request of the Designating Parties or non-Parties.

Upon learning of any disclosure of Confidential Materials to individuals other than those permitted by this Confidentiality and Protective Order, it shall be the obligation of counsel to notify the Designating Party of such breach, and, to the extent that the breach is related to the Disclosure of Confidential Materials by said counsel of one of the other Parties, said counsel and Party shall be responsible for curing the problem and making a good faith effort to retrieve such Confidential Material(s) promptly.

Any Party to the Proceeding (or other person subject to the terms of this Confidentiality and Protective Order) may ask the Court, after appropriate notice to the other Parties to the Proceeding, to modify or grant relief from any provision of this Confidentiality and Protective Order.

Entering into, agreeing to, and/or complying with the terms of this Confidentiality and Protective Order shall not:

8

    a. operate as an admission by any person that any particular Document, Testimony or Information marked "Confidential" contains or reflects trade secrets, proprietary, confidential or competitively sensitive business, commercial, financial or personal information; or

    b. prejudice in any way the right of any Party (or any other person subject to the terms of this Confidentiality and Protective Order):

     i. to seek a determination by the Court of whether any particular Confidential Material should be subject to protection as "Confidential" under the terms of this Confidentiality and Protective Order;

     ii. to seek relief from the Court on appropriate notice to all other Parties to the Proceeding from any provision(s) of this Confidentiality and Protective Order, either generally or as to any particular Material;

     iii. to raise any objection to the document, testimony or other evidence subject to this Order; or

     iv. to petition the Court for a further protective order relating to any purportedly confidential information or material.

  Any Party to the Proceeding who has not executed this Confidentiality and Protective Order as of the time it is presented to the Court for signature may thereafter become a Party to this Confidentiality and Protective Order by its counsel's signing and dating a copy thereof and filing the same with the Court, and serving copies of such signed and dated copy upon the other Parties to this Confidentiality and Protective Order.

  Any Information that may be produced by a non-Party witness in discovery in the Proceeding pursuant to subpoena or otherwise may be designated by such non-Party as "Confidential" under the terms of this Confidentiality and Protective Order, and any such designation by a non-Party shall have the same force and effect, and create the same duties and obligations, as if made by one of the undersigned Parties hereto.  Any such designation shall also function as a consent by such producing Party to the authority of the Court in the Proceeding to resolve and conclusively determine any motion or other application made by any person or Party

with respect to such designation, or any other matter otherwise arising under this Confidentiality and Protective Order.

If any person subject to this Confidentiality and Protective Order who has custody of any Confidential Materials receives a subpoena or other process ("Subpoena") from any government or other person or entity, including any order from any court, demanding production of Confidential Materials, the recipient of the Subpoena or order shall promptly give notice of the same by electronic mail transmission, followed by either express mail or overnight delivery to counsel of record for the Designating Party, and shall furnish such counsel with a copy of the Subpoena or order. Upon receipt of this notice, the Designating Party may, in its sole discretion and at its own cost, move to quash or limit the Subpoena or order, otherwise oppose production of the Confidential Materials, and/or seek to obtain confidential treatment of such Confidential Materials from the subpoenaing or ordering person or entity to the fullest extent available under law. The recipient of the Subpoena or order may not produce any Documents, Testimony or Information pursuant to the Subpoena prior to the date specified for production on the Subpoena or order.

Nothing in this Confidentiality and Protective Order shall be construed to preclude any Party from asserting in good faith that certain Confidential Materials require additional protection. The Parties shall meet and confer to agree upon the terms of such additional protection.

If, after execution of this Confidentiality and Protective Order, any Confidential Materials submitted by a Designating Party under the terms of this Confidentiality and Protective Order are Disclosed by a non-Designating Party to any person other than in the manner authorized by this Confidentiality and Protective Order, the non-Designating Party responsible for the Disclosure shall bring all pertinent facts relating to the Disclosure of such Confidential Materials to the immediate attention of the Designating Party.

This Confidentiality and Protective Order is entered into without prejudice to the right of any Party to knowingly waive the applicability of this Confidentiality and Protective Order to any Confidential Materials designated by that Party.

V. **FILING CONFIDENTIAL MATERIALS**

If Confidential Materials or Information derived from Confidential Materials (such as summaries of information, deposition testimony, expert materials, etc.) are submitted to or otherwise disclosed to the Court in connection with any motions and proceedings, the party submitting such Confidential Materials shall first seek leave of Court to file such Confidential Materials under seal in compliance with Local Rule 13.05.  The party submitting Confidential Materials or Information derived from Confidential Materials to Court must follow and comply with the requirements of Local Rule 13.05, Sealing of Materials Filed in Civil and Criminal Cases.

The parties shall meet and confer regarding procedures for the use of Confidential Materials at trial and shall move the Court for entry of an appropriate order.

Nothing in this Confidentiality and Protective Order shall affect the admissibility into evidence of Confidential Materials, or abridge the rights of any person to seek judicial review or to pursue other appropriate judicial action with respect to any ruling made by the Court concerning the issue of the status of Confidential Materials.

VI. **DURATION**

This Confidentiality and Protective Order shall continue to be binding after the conclusion of this Proceeding and all subsequent proceedings arising from this Proceeding, except that a Party may seek the written permission of the Designating Party or may move the Court for relief from the provisions of this Confidentiality and Protective Order.

Within sixty (60) days after the final termination of litigation between the Parties, or upon written request made within thirty (30) days after the settlement, dismissal or other termination of the Proceeding, the Parties shall have thirty (30) days to either (a) promptly return to counsel for each Designating Party all Confidential Materials and all copies thereof in the possession of the Party, their attorneys, agents, experts, consultants, or any other person who has signed a Non-Disclosure Agreement in the form of Exhibit A (except that counsel for each Party may maintain in its files, in continuing compliance with the terms of this Confidentiality and Protective Order, all work product, and one copy of each pleading filed with the Court and one copy of each

deposition together with the exhibits marked at the deposition), (b) destroy in a secure manner such Confidential Materials and all copies thereof, or (c) as to any Documents, Testimony or other Information not addressed by sub-paragraphs (a) and (b), file a motion seeking a Court order regarding proper preservation of such Confidential Materials.

### VII. MISCELLANEOUS

After this Stipulated Confidentiality and Protective Order has been signed by counsel for all Parties, it shall be presented to the Court for entry.  If additional parties join this lawsuit, they must not be given access to Confidential Materials unless they execute their written agreement to be bound by this Order.

The Parties and all signatories to the Certification attached hereto as Exhibit A agree to be bound by this Confidentiality and Protective Order pending its approval and entry by the Court. In the event that the Court modifies this Order, or in the event that the Court enters a different Protective Order, the Parties agree to be bound by this Confidentiality and Protective Order until such time as the Court may enter such a different Order.

**IT IS SO STIPULATED.**

Dated:  October 21, 2022

BROWN & JAMES, P.C.

Brian R. Plegge, #32500 (MO)
800 Market Street, Suite 1100
Saint Louis, Missouri 63101
Phone: (314) 421-3400
Fax: (314) 421-3128
bplegge@bjpc.com

NELSON MULLINS RILEY & SCARBOROUGH

*/s/ Rachel Hedley*
Rachel Atkin Hedley, #16941 (SC)
1320 Main Street, Suite 1700
Columbia, SC 29201
Phone: (803) 255-5565
Fax: (803) 256-7500
rachel.hedley@nelsonmullins.com

        Melissa Foster Bird, 6588 (WV)
        949 Third Avenue, Suite 200
        Huntington, WV 25701
        Telephone: (304) 526-3500
        Fax: (304) 526-3599
        Melissa.FosterBird@nelsonmullins.com

***Attorneys for Defendant LG Chem, Ltd.***


THE SIMON LAW FIRM, P.C.

Dated:  October 21, 2022        */s/ John M. Simon*
        John M. Simon, #68393
        800 Market Street, Suite 1700
        St. Louis, Missouri  63101
        jmsimon@simonlawpc.com
        Phone: (314) 241-2929
        Fax: (314) 241-2029

***Attorneys for Plaintiff***


**IT IS SO ORDERED**

Dated:  October 21, 2022        _____
        Honorable Ronnie L. White

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| JASON EISENHAUER, | ) |
| Plaintiff, | ) Case No. 4:21-CV-964-RLW |
| v. | ) EXHIBIT A |
| | ) TO CONFIDENTIALITY AND |
| LG CHEM, LTD., | ) PROTECTIVE ORDER |
| Defendant. | ) |

I hereby certify that: (i) I have carefully read the Confidentiality and Protective Order (the "Order") that has been entered by the Court in this action and I understand its terms; (ii) I understand that disclosure material designated as CONFIDENTIAL under this Order is being provided to me pursuant to the terms of this Order; (iii) I agree to be fully bound by the provisions of the Order including its provisions restricting disclosure of material designated as CONFIDENTIAL under this Order and limiting the use of such disclosure material to the conduct of this action; (iv) I will hold in confidence and not disclose to anyone not qualified under the Order any Confidential Information or any words, summaries, abstracts, or indices of Confidential Information disclosed to me; (v) I will limit use of Confidential Information disclosed to me solely for purpose of this action; (vi) No later than the final conclusion of the case, I will return all Confidential Information and summaries, abstracts, and indices thereof which come into my possession, and documents or things which I have prepared relating thereto, to counsel for the party for whom I was employed or retained; (vii) I hereby submit to the jurisdiction of this Court for the purposes of enforcement of this Order; and (viii) I understand that violation of the Order is punishably by contempt of Court and also may be remedied by money damages and/or injunctive relief.

Dated:_____    Signed by:_____

Printed Name of Person to be Bound:_____